

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **ROBYN N. PULLIO**<br>*Assistant Corporation Counsel*<br>Special Federal Litigation Division<br>Tel.: (212) 788-1090<br>Fax: (212) 788-9776<br>Email: rpullio@law.nyc.gov |

November 28, 2007

BY HAND
Honorable Robert W. Sweet
United States District Court Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

*So ordered*
*Sweet USDJ*
*11.29.07*

Re: <u>Richardson, et. al. v. City of New York, et al.</u> 07 CV 9891 (RWS)

Dear Judge Sweet:

      I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel for the City of New York, assigned to the above-referenced case on behalf of defendants the City of New York and the New York City Police Department. I am writing without the consent of plaintiff's counsel, Joseph I. Stone, Esq., to respectfully request that the City be granted a sixty (60) day enlargement of time from November 28, 2007, to January 28, 2008, to answer or otherwise respond to the complaint.[1] This is the City's first request for an enlargement of time in this action.

      The complaint alleges, *inter alia*, that plaintiff Kia Alford was subjected to false arrest and imprisonment; excessive force; assault; battery; and malicious prosecution. In addition to the City of New York and the New York City Police Department, the complaint also purports to name Police Officer Humberto Arboleda, Assistant Corporation Counsel Angela Cruz and Corporation Counsel as defendants. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

---

[1] On November 27, 2007, I spoke with plaintiff's counsel, Joseph I. Stone, who consented to a thirty (30) day adjournment for the defendants to answer or otherwise respond to the complaint. When I inquired into the nature of his objection to a sixty (60) day adjournment, Mr. Stone stated that he had tried to settle this case four (4) months ago with the C.C.R.B., that the City had prior knowledge of this case and that he believed thirty (30) days was a sufficient period of time in which to answer. I note that our office is a completely separate entity from the C.C.R.B. and that any prior involvement between plaintiff's attorney and the C.C.R.B. in this matter, therefore, did not involve our office. In addition, contrary to Mr. Stone's assertion, prior to November 8, 2007, when our office was served with the summons and complaint for the City of New York and the New York City Police Department, this office did not have knowledge that plaintiff's attorney intended to file a civil suit in this matter.

1

Moreover, the enlargement will allow us to ascertain whether the individually named defendants have been served.[2] If service has been effectuated, then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendants. The individually named defendants must then decide whether they wish to be represented by this office. If so, we must obtain their written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. The City of New York et al., 64 N.Y.2d 800, 486 N.Y.S. 2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request to extend the City's time to answer the complaint until January 28, 2008.

Thank you for your consideration in this regard.

Respectfully submitted,

Robyn N. Pullio (RP 6447)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   BY FAX
      Joseph I. Stone, Esq.
      Attorney for Plaintiff
      277 Broadway
      New York, New York 10007
      Fax: (212) 571-0276

---

[2] Although this office does not currently represent Officer Arboleda or A.C.C. Cruz, and assuming they are properly served, this office also respectfully requests this extension on their behalves in order to prevent their defenses from being jeopardized while representational issues are being resolved.