


MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ROBYN N. PULLIO
*Assistant Corporation Counsel*
Special Federal Litigation Division
Tel.: (212) 788-1090
Fax: (212) 788-9776
Email: rpullio@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/08

May 7, 2008

So ordered.
Sweet USDJ
5-8-08

**BY FAX**
Honorable Robert W. Sweet
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

      Re: <u>Chrystal Richardson, et. al. v. City of New York, et al.</u>, 07 CV 9891 (RWS)

Your Honor:

      I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel for the City of New York, assigned to the above-referenced case on behalf of defendants the City of New York and Assistant Corporation Counsel Angela Cruz.[1] I am writing without the consent of plaintiff's counsel, Joseph I. Stone, Esq., to respectfully request: (1) that the City be granted a two and one half month enlargement of discovery from May 14, 2008, until July 30, 2008; and (2) that Your Honor refer this matter to Magistrate Judge Henry B. Pitman for a settlement conference.[2] This is the City's first request for an enlargement of discovery and referral for a settlement conference to Magistrate Judge Pitman in this action.

---

[1] The complaint also purports to name the "New York City Police Department", "Corporation Counsel, City of New York" and "Police Officer Humberto Arboleda". With respect to the New York City Police Department and Corporation Counsel, City of New York, neither are suable entities and, therefore, are not properly named parties in this matter. With respect to the individual identified in the caption of the complaint as "Police Officer Humberto Arboleda", on information and belief, this individual has not yet been served with the summons and complaint in this action and, therefore, is not yet a defendant in this case.

[2] Mr. Stone's position with respect to this application is that the City defendants have been provided with ample discovery time in this matter and that no further extensions should be granted. He informed me that he intends to serve the court with a response to this letter application for an enlargement of discovery.

As background, the complaint alleges, *inter alia*, that plaintiff Kia Alford was subjected to false arrest and imprisonment; excessive force; assault; battery; and malicious prosecution stemming from an incident that took place in the subway system on or about May 8, 2007. Plaintiff Kia Alford's mother, Chrystal Richardson, is also a plaintiff in this action who is seeking to recoup monies she spent on legal expenditures for plaintiff Kia Alford and lost in her own wages on instances when she missed work to accompany plaintiff Kia Alford to Family Court on her underlying juvenile delinquency case.

Discovery is currently scheduled to close in this matter on May 14, 2008. Previously, at the January 30, 2008, initial conference in this matter, Your Honor acknowledged that the current discovery schedule was ambitious and that the parties should write to the court if the discovery end date was not realistic and additional time for discovery was required.

An enlargement of discovery is necessary for a number of reasons. First of all, this office has not yet received responses to defendants' interrogatories and document requests which were served on Mr. Stone at the initial conference on January 30, 2008. While this office did receive Rule 26(a) initial disclosures from Mr. Stone on or about February 21, 2008, as well as several executed records releases in the beginning of April, 2008, responses to defendants' discovery requests are still outstanding. Secondly, this office has ordered and is awaiting the receipt of several records which could only be ordered after receiving the aforementioned properly executed records releases that were received from Mr. Stone in April, 2008. I am awaiting the receipt of the following materials, which are necessary prior to commencing depositions of plaintiffs: (1) Medicaid records for plaintiff Kia Alford; (2) Department of Education records for plaintiff Kia Alford[3]; (3) Insurance records for plaintiffs; (4) Employment records for plaintiff Chrystal Richardson; (5) Parole Division records for Chrystal Richardson; and (6) a properly certified and delegated version of plaintiff Alford's medical records. Lastly, I will be engaged in trial preparation and participating as trial counsel in the matter of Wanda Diaz, et. al. v. City of New York, et. al., 00 CV 2944 (RRM) (JMA), which is scheduled to commence on June 16, 2008, and therefore, will be unavailable during the weeks of June 9, 2008, and the majority of the week of June 16, 2008, to participate in discovery in this matter.

Therefore, an enlargement of discovery will allow time for this office to receive discovery responses from plaintiff's counsel, receive records vital to the defense in this matter prior to taking plaintiffs' depositions, and for the parties in this matter to schedule and conduct depositions.[4] Additionally, defendants believe that a settlement conference would be beneficial in advance of deposition discovery to facilitate the possible resolution of this matter.

---

[3] On or about April 29, 2008, this office received a one-page record entitled "Student Permanent Record" for plaintiff Kia Alford, from Mr. Stone. However, defendants have ordered their own copy of plaintiff Alford's school records and take the position that they are not required to rely on the assumption that the aforementioned one page record received from plaintiff constitutes plaintiff Alford's complete school file.

[4] Despite the fact that Mr. Stone is opposed to an enlargement of discovery time in this matter, on or about April 29, 2008, this office was served by plaintiff with deposition notices for Officer Arboleda and A.C.C. Cruz to take place on May 22, 2008—a time after which discovery would already be closed under the current discovery schedule.

Accordingly, for the reasons set forth herein, defendants respectfully request that the court grant a two and one half month enlargement of discovery from May 14, 2008, until July 30, 2008, and that the Court refer this matter to Magistrate Judge Pitman for a settlement conference.

Thank you for your consideration in this regard.

Respectfully submitted,

Robyn N. Pullio (RP 7777)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: **BY FAX and U.S. MAIL**
Joseph I. Stone, Esq.
Attorney for Plaintiff
277 Broadway
New York, New York 10007
Fax: (212) 571-0276

3