UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

CHRYSTAL RICHARDSON, as Mother and
Natural Guardian of KIA ALFORD, an infant 14
years of age, and CHRYSTAL RICHARDSON
individually, and KIA ALFORD individually,

                         Plaintiffs,

               -against-

CITY OF NEW YORK, THE NEW YORK POLICE
DEPARTMENT, POLICE OFFICER HUMBERTO
ARBOLEDA individually, badge number 20556
NYPD, attached to TD Transit Division 12,
Corporation Counsel, City of New York, and
ANGELA CRUZ, Assistant Corporation Counsel,
individually,,

                         Defendants.
-------------------------------------------------------------------X

ANSWER TO COMPLAINT
FOR DEFENDANT POLICE
OFFICER HUMBERTO
ARBOLEDA

JURY TRIAL DEMANDED

07 CV 9891 (RWS) (HBP)

        Defendant Police Officer Humberto Arboleda by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows:[1]

        1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that the plaintiffs purport to invoke this Court's jurisdiction as stated therein.

        2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that the plaintiffs purport to invoke this Court's jurisdiction as stated therein.

        3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that the New York City Office of the Comptroller received what purports to be a notice of claim on or about June 27, 2006.

---

[1] The City of New York and Assistant Corporation Counsel Angela Cruz previously filed their answer to the complaint in this action on January 28, 2008.

1

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that the New York City Office of the Comptroller received what purports to be a notice of claim on or about June 27, 2006, and that no settlement has been reached.

5. The allegations set forth in paragraph "5" of the complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the complaint.

7. Denies the allegations contained in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation organized and existing under the laws of the State of New York, that the City of New York maintains a police department and a law department.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that Humberto Arboleda was employed by the City of New York as a police officer at Transit District 12 on May 8, 2007, and admits that plaintiffs purport to sue Officer Arboleda in his official and individual capacities.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that Humberto Arboleda was employed by the City of New York as a police officer at Transit District 12 on May 8, 2007, and that Officer Arboleda was present inside of the Pelham Parkway subway station, Bronx, N.Y., on the afternoon of May 8, 2007.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that Assistant Corporation Counsel Angela Cruz filed a juvenile delinquency petition against Respondent Kia Alford.

11. Denies the allegations set forth in paragraph "11" of the complaint, except the allegations set forth in paragraph "11" of the complaint regarding whether Assistant

Corporation Counsel Angela Cruz is subject to the court's jurisdiction constitute conclusions of law rather than averments of fact and, accordingly, no response is required.

11 (the second #11). Denies the allegations set forth in paragraph "11 (the second #11)" of the complaint, except admits that plaintiffs purport to sue Officer Arboleda in his official and individual capacities, that Humberto Arboleda was employed by the City of New York as a police officer at Transit District 12 on May 8, 2007, and that Officer Arboleda was present inside of the Pelham Parkway subway station, Bronx, N.Y., on May 8, 2007.

12. The allegations set forth in paragraph "12" of the complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that Humberto Arboleda was in uniform inside of the Pelham Parkway subway station, Bronx, N.Y., on May 8, 2007, at approximately 3:35 p.m., and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the complaint regarding whether plaintiff Kia Alford was a lawfully paid passenger within the Pelham Parkway Station.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint, except admits that plaintiff Kia Alford was maced approximately three times.

17. Denies the allegations set forth in paragraph "17" of the complaint, except admits that plaintiff Kia Alford was handcuffed and taken to the police precinct, and that a juvenile delinquency petition was filed against plaintiff Kia Alford in the Bronx Family Court, Bronx., N.Y., under Docket #D-13909/07.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the complaint regarding the number of times plaintiffs appeared in the Bronx Family Court, and admits that there was not a finding in the matter after a fact-finding hearing before Judge Gribetz.

20. Denies the allegations set forth in paragraph "20" of the complaint, except admits that A.C.C. Cruz was advised in writing that there were eyewitnesses prior to the fact-finding hearing and that these alleged witnesses were not interviewed.

21. Denies the allegations set forth in paragraph "21" of the complaint, except admits that A.C.C. Cruz was advised that plaintiff Kia Alford would take a lie detector test.

22. Denies the allegations set forth in paragraph "22" of the complaint, except admits that the New York City Office of the Comptroller received what purports to be a notice of claim on or about June 27, 2006.

23. The allegations set forth in paragraph "23" of the complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent that a response is required, denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations contained in paragraph "25" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff Alford's alleged injury.

26. Denies the allegations set forth in paragraph "26" of the complaint, except admits that the plaintiffs purport to seek monetary relief as stated therein.

4

27. In response to the allegations set forth in paragraph "27" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint, except admits that the plaintiffs purport to seek monetary relief as stated therein.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations contained in paragraph "35" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff Alford's alleged injury.

36. Denies the allegations set forth in paragraph "36" of the complaint, except admits that the plaintiffs purport to seek monetary relief as stated therein.

37. The allegations set forth in paragraph "37" of the complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations contained in paragraph "39" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff Alford's alleged injury.

40. Denies the allegations set forth in paragraph "40" of the complaint, except admits that the plaintiffs purport to seek monetary relief as stated therein.

41. Denies the allegations set forth in paragraph "41" of the complaint, except admits that the plaintiff Chrystal Richardson purports to seek monetary relief as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

42. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

43. Defendants the City of New York, Assistant Corporation Counsel Angela Cruz and Police Officer Humberto Arboleda have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

44. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and was not the proximate result of any act of the Defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

45. At all times relevant to the acts alleged in the complaint, Defendant City and its agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

46. Punitive damages cannot be recovered from the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

47. Plaintiffs' claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

48. Plaintiffs have not complied with the conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

49. There was probable cause for plaintiff Kia Alford's arrest and prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

50. The individual defendants, Assistant Corporation Counsel Angela Cruz and Police Officer Humberto Arboleda, have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

51. The individual defendant, Assistant Corporation Counsel Angela Cruz, is protected by absolute immunity from liability.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

52. The New York City Police Department is not a suable entity.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

53. "Corporation Counsel, City of New York" is not a suable entity.

**WHEREFORE,** defendant Police Officer Humberto Arboleda requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        July 1, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of
                        the City of New York
                        Attorney for defendants
                          City of New York,
                          A.C.C. Angela Cruz, and
                          Police Officer Humberto Arboleda
                        100 Church Street
                        New York, New York 10007
                        (212) 788-1090

                  By: _____
                        ROBYN N. PULLIO (RP 7777)


cc:  BY ECF
     Joseph I. Stone, Esq.
     Attorney for Plaintiff
     277 Broadway
     New York, New York 10007